[L. A. No. 14129.  In Bank.—May 15, 1934.]

R. S. HOUSSELS et al., Appellants, v. SID GLASGOW et al., Respondents.

C. Douglass Smith for Appellants.

George W. Nilsson and Monta W. Shirley for Respondents.

SHENK, J.—This is an appeal by the plaintiffs from a judgment in favor of the defendants Edwin and Harriett Jones.

The action was brought to quiet the title of the plaintiffs in and to the right to a one per cent of the production under an oil lease executed by the owners of lots 12 and 13 in block A of Mountain Meadows tract in the county of Los Angeles. The plaintiffs sued in their representative capacity as trustees of Atlantic Petroleum Syndicate, an unincorporated association.

On July 29, 1922, subject to a twenty per cent owners' royalty reserved, the owners executed an oil and gas lease covering said lots to Taylor, Hjorth and Looney, who in turn assigned the lease to Gordon, who assigned to C. S. Summar, who assigned to Joseph Maltby as trustee, who, according to the record, agreed to hold twenty per cent of the production from both lots as an overriding royalty in favor of C. S. Summar, N. H. Stearn and others. The issue tendered and tried in this action was the claim of Edwin and Harriett Jones to a one per cent of the production as a portion of the twenty per cent overriding royalty. The court found in accordance with their claim. The evidence showed that as part of the consideration for the assignment from C. S. Summar to Maltby, trustee, the latter agreed to issue overriding royalties to the extent of twenty per cent to Summar and others. Acting as attorney-in-fact for Summar, Maltby transferred a one per cent interest to G. C. Summar, a brother of C. S. Summar. This one per cent was subjected to many assignments and was finally purchased by the defendants Jones. Thereafter Maltby, as trustor, executed a declaration of trust for the Atlantic Petroleum Syndicate in which he declared that he held and controlled the right

to sixty per cent of the production. The remaining percentages were made up of the twenty per cent owners' royalty and the twenty per cent overriding royalty. ██ The court found on sufficient evidence that the interest of the defendants Jones was a part of the overriding royalties and not a part of the sixty per cent, and concluded that the plaintiffs, as successor-trustees of Maltby, were bound to such interest. The findings and conclusions of the court are supported by the record. The subsequent declaration of trust was made subject to the interest of the owners of the overriding royalties and the beneficiaries of said trust were also bound thereby.

The judgment is affirmed.

Preston, J., Langdon, J., Waste, C. J., and Seawell, J., concurred.